GREENMAN, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*May 24 — June 23, 1898.*

*Railroads: Negligence: Personal injuries: Pleading.*

The complaint in an action for personal injuries — alleging that plaintiff was unloading a car of poles standing upon a spur track of the defendant company which ran into the yards of his employer; that defendant's servants backed an engine and cars upon said track; that it was the duty of defendant's said servants not to collide with or disturb the car at which plaintiff was working, but the engineer, in violation of his said duty and in total disregard of the signals of the conductor in charge of said engine and cars, carelessly, recklessly, and negligently backed them against said stationary car, causing it to move forward; that plaintiff tried to stop said car by standing on the side of the track and putting a block of wood under the wheels, but defendant's engineer carelessly, recklessly, and negligently, and in violation of the conductor's signals, and without plaintiff's knowledge, continued to back said engine and cars against the detached car, thereby pushing the latter over said block of wood, thereby, without any fault on the part of the plaintiff, causing the poles to fall from said car upon the plaintiff, injuring him — is *held*, on demurrer, to state a cause of action.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge.  *Affirmed.*

Action for the recovery of damages claimed to have been sustained by the plaintiff by reason of the negligence of the defendant.   The complaint is, in substance, that the plaintiff was in the employ of the Valentine-Clark Company, at the city of Green Bay, Brown county, Wisconsin, and was engaged in unloading a car of poles standing alone and detached from any engine on a spur track of defendant, which ran into the yards of the said Valentine-Clark Company, on the west side of the Fox river in said city of Green Bay; that, while plaintiff was so engaged in unloading said car, defend-

ant's servants backed an engine and two cars onto said spur track; that it was the duty of the defendant's servants in charge of said engine and two cars not to collide with, or disturb in any way, the car at which plaintiff was working; that defendant's engineer, in violation of his said duty, and in total disregard of the signals made by the conductor in charge of said engine and two cars, to stop said engine and cars before reaching the stationary car at which plaintiff was working, carelessly, recklessly, and negligently backed said engine and cars against the said stationary car, causing it to move forward by the force of the impact; that the plaintiff endeavored to stop said car by standing on the side of the track and putting a block of wood beneath the wheels of said car, but defendant's engineer, *carelessly, recklessly, and negligently*, and in violation of the conductor's signals, and without plaintiff's knowledge, continued to back said engine and two cars against the said detached car, thereby pushing said detached car over the block of wood so placed beneath it by plaintiff, thereby, *without any fault on the part of plaintiff*, causing the poles with which said car was loaded to fall off said car and upon the plaintiff, thereby greatly injuring him, to his damage in the sum of $5,000, for which said sum, and for costs herein, plaintiff demanded judgment.

The defendant demurred to the complaint, alleging that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action. The court entered an order overruling the demurrer, from which the defendant appealed.

For the appellant there was a brief by *Fish, Cary, Upham & Black*, and oral argument by *R. N. McMynn*. They contended that the complaint shows that the alleged negligence of the engineer was harmless; that there was an intervening act of plaintiff which was the efficient cause of the cause of the plaintiff's injury. The falling of the poles upon the plaintiff was the proximate cause of his injury. The poles

fell because there was a block placed on the track in front of the wheels of the moving car.

For the respondent the cause was submitted on the brief of *Cummings & Hayes.*

PINNEY, J.    The complaint proceeds upon the ground that it was the duty of the defendant's servants in charge of the management of the engine and two cars on the spur track of the defendant company, upon which the plaintiff was engaged in unloading a car of poles standing alone and detached from any engine, not to collide with, or disturb in any way, the car loaded with poles, at which the plaintiff was so working.    This is, in substance, an allegation that it was the duty of the defendant, in the use and operation of the spur track, engine, and cars, by and through its servants and agents, not to collide with, or disturb in any way, the said car so loaded with poles, which was being unloaded by the plaintiff.    This was by way of charging that the acts of the defendant's engineer constituted negligence and careless conduct on the part of the defendant company.    While this is, in substance, the effect of the pleading, it is certainly not the most clear and logical method of stating the simple fact of the defendant's duty and breach of it; but there is no good reason for saying, we think, that the allegations will not serve to define the fact of its duty, and the breach of it. The complaint charges in sufficiently clear and vigorous language that the defendant's engineer in charge of said engine and two cars, before reaching the stationary car at which plaintiff was working, carelessly, recklessly, and negligently backed said engine and cars against the said stationary car, causing it to move forward by the force of the impact; that the plaintiff endeavored to stop said car by standing on the side of the track and putting a block of wood beneath the wheels of the car,— a matter that is not alleged as either improper or negligent, or to have caused

Greenman vs. The Chicago & Northwestern R. Co.

or materially contributed to the result complained of; but defendant's engineer carelessly, recklessly, and negligently, in violation of the conductor's signals, and without the plaintiff's knowledge, *continued* to back said engine and cars against the said detached car, thereby pushing it over the block of wood so placed beneath it by the plaintiff, and thereby, *without any fault on the part of the plaintiff*, caused the poles with which said car was loaded to fall off said car and upon the plaintiff, greatly injuring the plaintiff, to his damage, etc.   It is not made to appear that an independent negligent or wrongful act of a third party caused the injury, nor that it was the result of any negligence on the part of the plaintiff.   On the contrary, it is alleged that the defendant's engineer, carelessly, recklessly, and negligently, and in violation of the conductor's signals, continued to back said engine and two cars against the said detached car, thereby pushing it over the block of wood so placed beneath it by the plaintiff, and thereby, *without any fault on the part of the plaintiff*, causing the poles with which said car was loaded to fall off of said car and upon the plaintiff, to his damage, etc.   It would seem to be clear, beyond any reasonable doubt, that the duty of the defendant, as well as the breach thereof and the injurious consequences, are sufficiently well stated and defined in the complaint to constitute a valid cause of action.   Although the complaint is not a model of good pleading, we think it is sufficient on demurrer, and that the circuit court rightly overruled the defendant's demurrer.

*By the Court.*— The order appealed from is affirmed.